HOUSTON, Justice
(dissenting).
I would grant the petition for the writ of certiorari. See my special writing, concurring in part and dissenting in part, in Lowman v. Piedmont Executive Shirt Mfg. Co., 547 So.2d 90, 96 (Ala.1989). In Lowman, six members of this Court departed from the doctrine of stare decisis and overruled two decisions of this Court that were less than six years old; one that was less than five years old; one that was less than three years old; and one opinion that was less than eight months old, to follow a 1974 opinion of four members of the Supreme Court of Alaska and a 1985 opinion of a federal district judge in Connecticut. I concluded my dissenting views, in which Justices- Maddox and Steagall concurred, with the statement that: “Stare decisis should be made of sterner stuff than the mere fabric of this year’s fashion.” 547 So.2d at 96.
What does one who is a firm adherent to the doctrine of stare decisis do when the Court of which he is a member flagrantly ignores this doctrine and establishes new law and then the Court changes (becomes more conservative) and the new law is challenged? I know what I did in Ex parte Melof 735 So.2d 1172 (Ala.1999), and I want to see what I would do in this case; therefore, I would grant the petition for the writ of certiorari.
HOOPER, C.J., and MADDOX, J., concur.